# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL LOPEZ,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br><br><br><br><br>MATTHEW CATE,<br><br>　　　　　　　Defendant. | CASE NO. 09CV2718-MMA (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 16]<br><br>**OVERRULING PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 17]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS.**<br><br>[Doc. No. 1] |

　　　Petitioner Jose Daniel Lopez, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2254 challenging his state court conviction and sentence for, *inter alia*, attempted murder, robbery, and assault with a deadly weapon.  Respondent filed an answer to the petition [Doc. No. 12], and Petitioner filed a traverse [Doc. No. 14].  The matter was referred to United States Magistrate Judge Jan M. Adler for preparation of a Report and Recommendation  under 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d)(4).

///

///

The magistrate judge issued a well reasoned and thorough Report recommending the petition be denied in its entirety.  Petitioner timely filed objections, challenging the findings and conclusions of law set forth in the Report and Recommendation.  Respondent did not file an objection to the Report, or a response to Petitioner's objections.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), in reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  In the instant case, Petitioner objects to the findings and conclusions contained in the Report.

With respect to his first ground for relief, Petitioner objects to the magistrate judge's finding that sufficient evidence supports his attempted murder conviction.  Petitioner argues, as he did in his traverse, that the evidence at trial was insufficient to establish beyond a reasonable doubt that he used force in an attempt to kill, rather than an attempt to escape.  The court of appeal rejected Petitioner's insufficient evidence claim and in so doing specifically noted that "the fact that Lopez may have initiated the attack . . . to facilitate . . . escape does not preclude the existence of intent to kill."  *See Lodgment No. 6*, 9.  The magistrate judge correctly concluded that the appellate court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, and was based upon a reasonable interpretation of the facts in the record.

Petitioner also objects to the magistrate judge's finding that sufficient evidence supports his gang enhancements.  Petitioner argues that the evidence introduced at trial failed to establish that the commission of crimes is the primary activity of members of Petitioner's gang, and the gang expert never gave that opinion.  The court of appeal found no merit to this claim and magistrate judge correctly concluded that the appellate court's determination was reasonable and based on the facts in the record. A detective specializing in gang investigations opined at trial that "a gang's primary activity is any one of the crimes listed in our penal code under section 186.22," "anywhere from drug sales, murder, robbery, car jacking, weapons" and "auto theft, identity theft, fraudulent cards," "that's what gang members primarily do."  Based on this testimony, as well as the testimony of

several other law enforcement officers specializing in gang enforcement, a rational juror could conclude beyond a reasonable doubt that Petitioner committed the crimes for which he was convicted to benefit his gang. *People v. Sengpadychith*, 26 Cal.4th 316, 324 (2001) (holding that a gang's primary activity can be established through expert testimony).

Finally, Petitioner objects to the magistrate judge's finding that the trial court's denial of Petitioner's request for a continuance of the sentencing hearing was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Petitioner argues that he had the right to a continuance in order to be examined for the presence of mental defects. A review of the record supports the magistrate judge's recommendation to deny the petition on this ground.

Having reviewed the Report and Recommendation and the files and records herein, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DENIES** Petitioner's petition and a writ of habeas corpus shall not issue in this case.

### CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. A petitioner may not seek an appeal of a claim arising out of state court detention unless the petitioner first obtains a certificate of appealability from a district judge or a circuit judge under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). Under 28 U.S.C. § 2253(c)(1), a certificate of appealability will issue only if the petitioner makes a substantial showing of the denial of a constitutional right.

For the reasons set forth in the Report and Recommendation, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this case.

**IT IS SO ORDERED**.

DATED: February 7, 2011

Hon. Michael M. Anello
United States District Judge